NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LUIS OROZCO | : | Crim. No. 03-698 (WHW) |
| | : | |

**Walls, Senior District Judge**

Petitioner Luis Orozco ("Petitioner") moves for this Court to vacate his sentence. The government cross-moves to dismiss Orozco's motion as time-barred under 28 U.S.C. § 2255. The petition for habeas corpus relief is dismissed as time-barred.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Petitioner was arrested in Colombia based on an indictment filed against him in the District of New Jersey for conspiracy to import 5 kilograms or more of cocaine into the United States. ECF No. 1. Petitioner was extradited to New Jersey and arrested on January 18, 2005. ECF No. 5.

Petitioner alleges on June 7, 2005 he was offered a plea agreement whereby "the violation of 21 U.S.C. § 963 to which [Petitioner] agree[d] to plead guilty carri[ed] a statutory maximum prison sentence of ten years." Mot. to Vacate, 2. Petitioner alleges he rejected this agreement on advice of counsel who urged him "to wait and see if something better would materialize." *Id.* On July 19, 2007, Petitioner pled guilty to conspiracy to import 5 kilograms or more of cocaine, contrary to 21 U.S.C. §§ 953(a) and 960(b)(1), in violation of Title 21 U.S.C. §

1

963. ECF No. 22. This violation carried "a statutory minimum prison sentence of 10 years, a statutory maximum of life, and a statutory maximum fine equal to the greatest of: (1) $4,000,000 or (2) twice the gross profits of other proceeds to Luis Alvaro Orozco." *Id.* On March 31, 2008, Petitioner was sentenced to 135 months of incarceration. ECF No. 25.

On April 22, 2008, Orozco filed an appeal. ECF. No. 30. The Court of Appeals upheld the sentence but vacated the judgment for the sole purpose of clarifying the amount of jail time credit given to Petitioner by this Court for pre-sentence confinement. ECF No. 32. On November 17, 2010, this Court amended the judgment and clarified the jail time credit given to Petitioner. ECF No. 35.

On June 18, 2012, Petitioner filed a motion to vacate his sentence alleging ineffective assistance of counsel during the plea bargaining stage of his criminal proceeding. Mot. to Vacate, 2; ECF No. 18. On August 2, 2012, the government moved to dismiss petitioner's motion as time-barred under 28 U.S.C. § 2255. ECF No. 37.

On November 5, 2012, this Court gave Petitioner notice that his petition may be recharacterized as a habeas petition filed under 28 U.S.C. § 2255. ECF No. 38. Petitioner responded with a "Notice to Proceed" which requested this court hear and rule "on the merits" of his petition "without recharacterization as a § 2255 motion." Not. to Proceed, 1.

**STANDARD OF REVIEW**

Section 2255 of Title 28, "Federal custody; remedies on motion attacking sentence," reads:

> A prisoner in custody under sentence of a [federal] court.... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Section 2255 was intended to serve "as a remedy to correct erroneous sentences resulting from events in the trial court at or before sentencing." *Gomori v. Arnold*, 533 F.2d 871, 874 (3d Cir. 1976). Accordingly, claims attacking the legality of a sentence, but that do not challenge events that occurred "subsequent" to sentencing are properly brought under Section 2255. *Casado v. Morris*, Civ. No. 98-2654, 1998 WL 665378 (D.N.J. Sept. 28, 1998); *Aikens v. United States*, Civ. No. 09-3706, 2009 WL 3130970, at *1-2 (D.N.J. Sept. 25, 2009).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which took effect on April 24, 1996, imposed a one-year statute of limitations on Section 2255 motions:

> A 1-year period of limitation shall apply to a motion under [Section 2255]. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A conviction becomes final when the Supreme Court affirms a conviction and sentence on the merits, when certiorari is denied, or when the time for filing a petition for certiorari expires. Under the Supreme Court rules, the time for filing a petition for certiorari expires 90 days after a conviction is affirmed by a Court of Appeals. *Kapral v. United States*, 166 F.3d 565, 571 (3d Cir. 1999).

**DISCUSSION**

It is a "longstanding practice" that courts may treat "a motion that a pro se federal prisoner has labeled differently" as a request for habeas relief under 28 U.S.C. § 2255. *Castro v. United States*, 540 U.S. 375, 377 (2003). Under 28 U.S.C. § 2255 "a prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Here, Petitioner is in custody and claims due to his counsel's advice before sentencing, his sentence was imposed in violation of the Constitution as articulated in recent Supreme Court decisions *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). As such, Petitioner's motion to vacate is properly construed as request for relief under Section 2255.

On November 5, 2012, this Court gave Petitioner notice that his petition may be recharacterized as a habeas petition filed under 28 U.S.C. § 2255. ECF No. 38. This Court provided Petitioner with the option of: 1) having his petition heard as filed under Section 2255, which, this Court warned, "may be dismissed if it has not been filed within the one-year period described in Section 2255"; 2) withdrawing the pleading and filing an all-inclusive Section 2255 motion subject to the one-year period; 3) have the pleading ruled upon as filed. *Id.* This Court further warned that if the pleading was ruled upon as filed "and the Court determines that [Petitioner's motion] can only be considered pursuant to Section 2255, then [the] pleading will be recharacterized and adjudicated as such." *Id.*

Petitioner responded with a "Notice to Proceed" which requested this Court hear and rule "on the merits" of his petition. However, he urges this court to do so "without recharacterization as a § 2255 motion." Not. to Proceed, 1. He argues his motion "is a new rule or standard for

instances where a defendant is prejudiced by counsel's advice to reject a plea deal and the resulting sentence is greater." *Id.* Petitioner then reiterates his arguments from his motion to vacate filed June 18, 2012. *Id.* Petitioner concludes by asking this Court to "grant the motion to vacate submitted on June 7, 2012 [but filed June 18, 2012]." *Id.*

Petitioner's motion remains a Section 2255 claim. "Section 2255 was intended to serve as a remedy to correct erroneous sentences resulting from events in the trial court at or before sentencing." *Castro v. United States*, 540 U.S. 375, 377 (2003) (internal citation omitted). In his motion to vacate Petitioner protests the pre-sentencing advice given to him by counsel during plea bargaining. This is the type of event Section 2255 is intended to address. *See, e.g., id.* (evaluating a motion to vacate based upon ineffective counsel during plea bargaining recharacterized as a Section 2255 petition). The type of motion filed did not change simply because Petitioner relies upon an allegedly "new rule or standard."

Petitioner was warned that if the pleading was ruled upon "as filed . . . then . . . the pleading will be recharacterized and adjudicated as such." *Id.* He was further warned that as a Section 2255 claim the petition "may be dismissed if it has not been filed within the one-year period described in Section 2255."

Petitioner's petition is time-barred. Petitioner was not prevented from filing a motion and there are no new facts to support his claims. And while Petitioner claims his motion is reliant upon a "new . . . standard" articulated in *Missouri v. Frye* and *Lafler v. Cooper*, those cases are inapplicable here. In *Frye*, the Supreme Court held counsel's failure to inform defendant about a plea deal constituted ineffective assistance of counsel. *Frye*, 132 S.Ct. at 1403. In this case, Petitioner acknowledges his receipt of the plea deal since he claims he was "willing to accept the initial offer." Mot. to Vacate, 1. And in *Lafler*, the Supreme Court engaged in a straightforward

application of the well-known *Strickland* test, first articulated in 1984 by the Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The Court held counsel's advice failed the *Strickland* test. There, counsel advised defendant that he could not be convicted of assault with intent to murder as a matter of law because the shots hit the victim below the waist. There was also evidence that absent that advice there was a reasonable probability defendant would have accepted the plea. *Lafler*, 132 S.Ct. at 1390. The Supreme Court's application of the long-standing *Strickland* test in *Lafler* to a set of facts wholly different from this one does not constitute a new standard applicable to this matter.

Instead, Petitioner's 1-year period of limitation began to run when Petitioner's sentence became final. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under [Section 2255]. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final"). Following his appeal, Orozco was resentenced on November 17, 2010. He had 14 days to appeal the District Court's resentencing. The Petitioner did not file an appeal, and the judgment was made final 14 days later on December 1, 2010. Orozco had until December 1, 2011 to file his Section 2255 claim. He did not file this motion to vacate sentence until June 18, 2012. Petitioner gives no reason why this case should be equitably tolled. *See, e.g., Figueroa v. MacFarland*, 2005 WL 2044906, *5 (D.N.J. Aug. 23, 2005). Petitioner's motion is time-barred.

## CONCLUSION

Petitioner's motion to vacate is DENIED. The government's motion to dismiss is GRANTED.

**s/ William H. Walls**
United States Senior District Judge